**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ELAINE WHEAT, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-CV-611-JED-FHM |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Report & Recommendation (R&R) (Doc. 19) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff, Elaine Wheat, disability benefits. Judge McCarthy recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Ms. Wheat filed objections to the R&R, and she requests that the Court award benefits or remand with instructions. (Doc. 20). The Court has reviewed the record (Doc. 11) and the plaintiff's objections, de novo.

**I.     Background**

Ms. Wheat was 46 years old on the date of the alleged disability onset and 50 years old at the time of the Commissioner's decision denying benefits. She previously worked as a restaurant manager, and she has a high school education. She claims that she has been unable to work since December 28, 2009, and alleges disability due to lumbar back pain, obesity, fibromyalgia, and obstructive sleep apnea. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held April 5, 2013. The ALJ denied benefits in a decision dated May 9, 2013. (Doc. 11, R.

13-31). The ALJ found plaintiff not disabled because she could make a successful adjustment to other work that exists in significant numbers in the national economy.

The ALJ found that plaintiff had not been engaged in substantial gainful activity since August 31, 2009, the alleged disability onset date. (R. 18). The ALJ found plaintiff had severe impairments of "status post, lumbar strain; obesity; fibromyalgia; [and] obstructive sleep apnea." (*Id.*). Although the ALJ found that plaintiff has a medically determinable impairment of Attention Deficit Disorder (ADD), he found that her ADD does not cause more than minimal limitation in her ability to perform basic mental work activities and that such impairment is therefore nonsevere. (*Id.*). At step 3, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of a listed impairment. (*Id.* at 21). With respect to Residual Functional Capacity (RFC), the ALJ found that plaintiff has the RFC to perform light work, subject to specified limitations. (*Id.* at 22). The ALJ found that plaintiff's statements about her impairments and their impact on her ability to perform activities of daily living are not consistent with her activities, and her history of treatment is inconsistent with her allegations concerning the intensity, persistence, and limiting effects of the impairments. (*Id.* at 28). The ALJ explained the reasons for these credibility findings, and he also noted inconsistent statements she made in the medical records. (*Id.*). The ALJ gave the greatest weight to the opinions of the experts who prepared state agency reports.

At step 4, the ALJ determined that plaintiff is unable to perform any past relevant work, such that he proceeded to step 5. The ALJ then found that, based upon plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that plaintiff can perform. This finding was based on the vocational expert's testimony that she could

perform the requirements of representative occupations such as mail clerk, unskilled work at the light level of exertion, counter attendant, and stock clerk. (*Id.* at 30-31). The ALJ therefore concluded that the plaintiff was not disabled.

## II.     Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

The Court's task of reviewing the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castas v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III.    Discussion

### A.     Step five burden

The plaintiff first faults the R&R based on her assertion that Judge McCarthy erred by ignoring the burden shift at step five of the decisional process. It is well-settled that, where a claimant meets her burden of establishing a prima facie case of disability through step four, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains

sufficient RFC to perform work in the national economy, given her age, education, and work experience." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

The Court is not required to reject the R&R simply because Judge McCarthy did not re-state every burden associated with the five step process. The record is clear, and Judge McCarthy properly applied the law regarding step five, as is evidenced by his statements in the R&R. Moreover, the ALJ's decision correctly recited that the defendant "is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience." (R. 18). And Judge McCarthy properly considered the plaintiff's arguments regarding the vocational expert testimony. (R. 12-13). Plaintiff's argument is without merit.

Plaintiff essentially repeats her burden argument with respect to challenging the ALJ's reliance upon the vocational expert testimony. (Doc. 20 at 12). She again complains that Judge McCarthy "fail[ed] to consider the fact the burden has shifted to the Commissioner at step five to prove by substantial evidence that Plaintiff can perform the jobs identified by the vocational expert." (Doc. 20 at 12). As noted, the Court finds that argument to be without merit.

      **B.**    **Analysis of Medical Opinions**

Plaintiff argues that Judge McCarthy incorrectly stated that plaintiff offered no contrary opinions by treating physicians. (Doc. 20 at 2). At page 4 of the R&R, Judge McCarthy indicated that he found no error in the ALJ's failure to discuss certain instructions of one treating physician regarding treatment of thrombophlebitis with antibiotic, elevation of the leg, pressure, and heat, which Judge McCarthy correctly noted did not reference any permanent restriction.

(Doc. 19 at 4). He also stated that plaintiff has not "identified any physician's opinion in conflict with the state agency opinions" to which the ALJ gave great weight. (*Id.*). The Court has reviewed the portions of the record which plaintiff now cites as including treating physician restrictions that were not referenced in the ALJ's decision. These refer to follow up regarding a thoracic sprain and, in two of them, a box is checked for "Able to Work With Restrictions," two of them reference "no work at drive through or more than 5 hours," and one indicates that light duty would be appropriate. (R. 223-224, 226, 229, 230, 305). The Court does not find that those references indicate permanent restrictions, and they do not undermine the ALJ's RFC or other determinations. The ALJ's RFC determination specifically included light work, with numerous limitations regarding lifting, sitting, walking, climbing, and length of activities within a workday. (R. 22). An ALJ is not required to "discuss every piece of evidence" in the record. *Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009). Moreover, the ALJ's decision is supported by substantial evidence in the record.

The plaintiff further argues that the ALJ erred because he did not resolve inconsistencies between Drs. Martinez and Kelley with respect to plaintiff's mental impairment (ADD). The Court has reviewed those findings, the ALJ's relevant determinations, and Judge McCarthy's R&R regarding this issue. The Court concurs with Judge McCarthy regarding the Psychiatric Review Technique and plaintiff's arguments relating thereto, and finds no reason for reversal or remand on this issue. (*See* Doc. 19 at 4-5).

    **C.**    **Alleged Factual Inaccuracies in the ALJ's Decision**

The ALJ stated that a MRI "showed no foraminal stenosis and was negative for any disease or stenosis." (R. 27 (citing Exhibit 12F, page 24)). In reality, the MRI report includes findings of mild and moderate foraminal stenosis. (R. 433). The ALJ's finding is similar to a

statement made by plaintiff's treating physician, Dr. Ward, who noted that the "MRI is essentially negative for foraminal disease or spinal stenosis." (R. 416). As a result, Judge McCarthy noted that – at most – there was a potential discrepancy between Dr. Ward's reading of the MRI and the radiology interpretation, which the ALJ resolved in favor of the treating physician's view. (Doc. 19 at 7). The Court finds no reversible error with respect to this issue. The Court also agrees with Judge McCarthy's determination of the alleged errors regarding the ALJ's consideration of the record relating to narcotic medications, agitation upon examination, and uncooperativeness with an exam. (*See* Doc. 19 at 7-8).

####       D.       Development of the Record

Again citing the restrictions noted in certain medical records, plaintiff asserts that the ALJ "failed to fulfill his duty to fully and fairly develop the record" because some of the restrictions refer to alphabetic codes and the ALJ did not ensure that the definitions of the codes were provided. (Doc. 20 at 8). As previously noted, the cited medical records do not refer to permanent restrictions. Instead, they are contained in medical records from August to October 2009, which related to treatment of a work-related thoracic strain in June 2009. There is nothing in those records that reflects any permanent work restrictions. Also, as Judge McCarthy correctly noted, in November 2009, Dr. Hendricks recommended that the plaintiff return to work with no specific restrictions. (*See* R. 243). The Court agrees with Judge McCarthy's determination that the ALJ did not err with respect to the cited restrictions.

####       E.       Credibility

The ALJ found that the plaintiff's allegations were not completely credible, based upon several reasons: her activities were inconsistent with her allegations; her assertion that she is bothered by smoke and fumes is inconsistent with smoking cigarettes; she was noncompliant

with CPAP and medications; she received Adderall but had not received mental health treatment; plaintiff had only a sporadic work history prior to the alleged onset of disability date; and she actively looked for work after the date of alleged disability onset. (R. 28-29). The plaintiff argues that the denial of benefits must be reversed because of an additional finding by the ALJ regarding the plaintiff providing inconsistent statements regarding the severity of the MRI findings. The Court agrees that the ALJ should not have referenced plaintiff's alleged inconsistent statements regarding the MRI, given the discrepancy between the treating physician and radiologist interpretations of the MRI. However, the ALJ listed numerous additional, appropriate reasons supporting his credibility findings, such that reversal is inappropriate. *See Pickup v. Colvin*, 606 F. App'x 430, 433-434 (10th Cir. 2015) (unpublished) (affirming denial of benefits where "part of the ALJ's credibility analysis was incorrect . . . because that analysis was, on balance, proper and supported by substantial evidence. . . .").

In her original brief, plaintiff also asserted that it was inappropriate for the ALJ to base any part of a credibility finding upon plaintiff's ability to complete activities of daily living. (Doc. 12 at 6). With respect to activities, the ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of her impairments are not consistent with her activities." (R. 28). There was nothing inappropriate about that statement, because 20 C.F.R. § 404.1529(c)(3)(i) expressly includes "daily activities" as among the considerations that are relevant to the consideration of the intensity and persistence of pain or other symptoms and to the determination of the extent to which the symptoms limit plaintiff's ability to work.

### F.     RFC

With respect to RFC, the ALJ found that plaintiff has the RFC to perform light work, subject to specified limitations. (R. at 22). Plaintiff argues that the RFC determination was in

error because it does not contain limits on the use of her left hand and/or arm and it did not account for limitations in plaintiff's right arm and/or hand. (Doc. 20 at 11). The ALJ found that plaintiff has the RFC for frequent use of her right arm, and there is no restriction on the left arm. The Court finds no error on the RFC determination, as the ALJ's findings are supported by substantial record evidence.

## IV.  Conclusion

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and his decision is supported by substantial record evidence, and agreeing with Judge McCarthy's R&R, the Court overrules plaintiff's objections (Doc. 20). The Court **accepts** the R&R (Doc. 19) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**.

A separate Judgment will be entered forthwith.

DATED this 30th day of September, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

8